UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR09-331-JCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| BRIAN BOLTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Offense charged: Possession of Heroin with Intent to Distribute

Date of Detention Hearing: November 6, 2009

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. Defendant has been charged with a drug offense the maximum penalty of which is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both

dangerousness and flight risk, under 18 U.S.C. §3142(e).

2. Defendant's past criminal record includes a prior drug offenses that includes supervision by the Washington State Department of Correction, and a violation for failing to complete chemical dependency treatment as directed. He has a history of substance abuse. He does not have a history of regular employment, having worked primarily as a personal trainer. He has several significant medical conditions. Pretrial Services indicates that he is connected with three Social Security numbers, two dates of birth and two alias names.

3. The AUSA proffers information concerning defendant's alleged lack of candor about the quantity of drug purchased by him while he was being wire tapped.

4. Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose

of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 6th day of November, 2009.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge